**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GAGANDEEP SINGH,

               Petitioner,

   v.

JEFFERSON B. SESSIONS III, Attorney
General,

               Respondent.

No.   15-71549

Agency No. A200-817-442

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018[**]

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Gagandeep Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, including

humanitarian asylum, withholding of removal, and relief under the Convention

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of humanitarian asylum, *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000), and for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's finding that although Singh established past persecution, the government rebutted Singh's presumed well-founded fear of future persecution with evidence that he could safely and reasonably relocate within India to avoid harm. *See* 8 C.F.R. § 1208.13(b)(2)-(3); *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003). The agency did not abuse its discretion in denying humanitarian asylum because Singh failed to show he suffered sufficiently severe past persecution. *See Vongsakdy v. INS*, 171 F.3d 1203, 1205 (9th Cir. 1999) (humanitarian asylum based on the severity of past persecution is "reserved for rare situations of 'atrocious' persecution"). Thus, Singh's asylum claim fails.

In this case, because Singh failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of Singh's CAT claim

because he failed to demonstrate it is more likely than not that he would be tortured by or with the consent or acquiescence of the Indian government. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049-50 (9th Cir. 2013).

We reject Singh's contentions that the agency erred in its evaluation of his evidence or in its analysis of his claims.

**PETITION FOR REVIEW DENIED.**

15-71549